UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| David Kelly, | § | CIVIL ACTION NO. _____ |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Eric H. Holder, Attorney General and | § | |
| Akal Security, Inc., | § | |
|     Defendants. | § | A JURY IS DEMANDED |

**ORIGINAL COMPLAINT**

Had the defendants judged David Kelly on the quality of his actual work, they never would have removed him from his job as a Court Security Officer guarding the federal judiciary of the Eastern District of Texas.  Instead, despite the defendant's concession's that Kelly's work performance was above reproach, they removed him as a distinguished Court Security Officer, because of disability discrimination based on myths and stereotypes.

PARTIES

1.  The plaintiff David Kelly is an individual who resides in Vidor, Orange County, Texas

2.  The defendant Eric H. Holder, is the Attorney General of the United States and may be served with process at his business address, Office of the Attorney General, Department of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-0001.  A copy of this complaint is also served on the United States Attorney for the Eastern District of Texas.

3.  The defendant Akal Security, is a New Mexico corporation doing business in Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

## JURISDICTION

4. This case is brought under the Rehabilitation Act, 29 U.S.C. §791 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. Venue is invoked pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3)

## STATEMENT OF THE PLAINTIFFS' CASE

6. The plaintiff, David Kelly, is well-qualified to guard the federal judiciary. He has been in law enforcement for more than 35 years. He spent more than 30 years with the Beaumont Police Department and, when he retired in 2001, had reached the rank of Captain of Police. He is also certified as a Master Police Officer by the Texas Commission on Law Enforcement Standards and Education.

7. In 2003, a lead CSO for Akal Security recommended that Kelly come to work as a Court Security Officer guarding the federal judiciary in Beaumont, Texas. He applied and was hired in 2006. His employer was Akal Security, Inc. which contracts with the United States Marshal's Service to provide Court Security Officers at the federal courthouse in Memphis, Tennessee.

8. With his long years of experience in law enforcement, Kelly was an ideal choice to be a Court Security Officer. He had long and valuable experience in identifying and dealing with threatening individuals and situations. And he did his job with distinction. In 2013, his primary assignment was working in the control room, where he watched the security monitors for the building and answered the telephone for the Marshal. He also provided relief for about an

hour each day at the security checkpoint at the front entrance of the courthouse.  Occasionally, he was also assigned to monitor various courtrooms.

9.   Before he started working for the Marshal's Service, Kelly was advised that he needed to undergo a physical in connection with this job.  He took the physical and was thereafter put to work as a Court Security Officer at the Federal Courthouse in Beaumont Texas.  Then, on an annual basis, the defendants also required Kelly to take physicals.

10.   In January 2013, he went to get his annual physical examination.  No medical limitations were recommended and there were no contraindications to the performance of aggressive security activities.  But in March 2013, he received a follow-up request from Dr. Leslie Hutchinson (an occupational medicine physician working under contract for USMS).  Among other things, Dr. Hutchinson asked a series of questions about the distant past, including asking the specifics about why Kelly was not drafted in 1967 during the Viet Nam war.  He also requested information about Kelly's use of warfarin, a blood thinner used to prevent heart attacks and strokes for someone like Kelly who has atrial fibrillation.  Kelly provided the information and showed there was no restriction of his duties.  In fact, he had worked successfully while using this treatment for atrial fibrillation.

11.   In May 2013, Kelly was terminated from his job, not because of any performance problem, but because the Marshal's Service disqualified him from doing the job because he has a disability – atrial fibrillation.  Akal advised Kelly that it was required by their contract to dismiss him when the Marshals Service told them to do so.   The defendants have a written contract that permits the USMS to remove Akal's CSO's whenever the USMS decides to do so.  See 42 U.S.C. 12112(b)(2).

12. The defendants branded him as having a medical condition that "poses a significant risk to the health and safety of yourself and/or others in the performance of essential job functions." They also branded him as "not medically qualified" to perform the job of Court Security Officer. Both of these are untrue. In fact, the government's perception of his disability was nonsensical. If his condition had been left untreated, he would be at risk for a heart attack or stroke. With the treatment he is receiving, his risk is greatly reduced. So, contrary to the government's perception, he is much more safe on the job with treatment than without. The government claimed a general concern about excess bleeding if he were injured on the job, but anyone who is seriously injured could have excessive bleeding. Further, the demand that Kelly not treat his condition is a screening criteria that screens out those with disabilities, which is per se unlawful discrimination under the Rehabilitation Act. 42 U.S.C. 12112(b)(3) and (6).

13. Even though Akal Security knew that Kelly was eminently qualified to continue working as a CSO, it fired him based on his disability because it has surrendered the right to do otherwise to the USMS. Specifically, Akal Security surrendered its employee to disability discrimination by virtue of its contractual arrangement with the government. And the decision of Akal Security to contract with a party which has the power to discriminate against Akal Security's own employees is per se unlawful discrimination under the ADA.

<u>Disability Discrimination</u>

14. The plaintiff is a qualified individual with a disability. The plaintiff performed his job as a Court Security Officer with distinction, but was fired because of a disability. He was also regarded as having a disability and was discharged because of a record of a disability.

Further, in imposing a screening criteria that Kelly may not treat his heart condition with a blood thinner, the government has violated the Rehabilitation Act in that it removed him out on the basis of a qualification standard that by its terms screens out those with disabilities in contravention of the statute.  This statute prohibits an employer from using qualification standards that screen out of tender to screen out those with disabilities, which is a per se violation of the statute.  42 U.S.C. 12112 (b)(3) and (6).

15. Akal Security's conduct violates the Americans with Disabilities Act, which prohibits discrimination in employment on the basis of disability.  See 42 U.S.C. 12112(b).  The law defines unlawful discrimination as "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter." 42 U.S.C. 12112(b)(2).  Akal Security cannot contract out of its obligations under the disability law by allowing the government to make a decision that is illegal under the ADA and then blindly going along with it.

16. The plaintiff timely filed a charge of discrimination to challenge the disability discrimination he suffered by Akal Security and the U.S. Marshals Service.  More than 180 days have passed since he filed a charge of discrimination with the U.S. Marshals Service.  He requested a right to sue from the Equal Employment Opportunity Commission on his charge of discrimination against Akal Security and such right to sue letter has been received.  Kelly timely files this lawsuit to vindicate his rights.  He has exhausted all administrative prerequisites to filing this suit.

Damages

17.  The damages suffered by the plaintiff include lost wages and benefits as well as compensatory damages for the injuries suffered at the hands of the defendant, including, but not limited to, mental anguish.

18.  Further, because Akal Security's actions were of the sort that render the imposition of exemplary damages appropriate, the plaintiff is entitled to an award of these damages, which he seeks.

RELIEF REQUESTED

The plaintiff asks this court to enter a judgment:

1.  Declaring that the acts and practices complained of in this Complaint are in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973;

2.  Enjoining and permanently restraining these violations of law;

3.  Directing the defendants to pay the plaintiff actual and compensatory damages that he suffered, past and future;

4.  Directing the defendant Akal Security to pay plaintiff exemplary damages for its conduct in an amount as yet to be ascertained;

5.  Awarding plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

6.  Awarding plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

7.  Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

8. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

        Respectfully submitted,

        ***s/John W. Griffin, Jr.***
        Katherine L. Butler
        State Bar No. 03526300
        1007 Heights Boulevard
        Houston, Texas  77008
        (713) 526-5677
        Fax (713) 526-5691

        John W. Griffin, Jr.
        State Bar No. 08460300
        203 North Liberty Street
        Victoria, Texas  77901
        (361) 573-5500 – Telephone
        (361) 573-5040 – Telecopier

        Counsel for the Plaintiff